JACOB EPSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70099. Promulgated June 15, 1937.

*Hugh Satterlee, Esq.,* for the petitioner.
*Dean P. Kimball, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $27,476.45 in income tax for the year 1929. The parties are in agreement that

the Commissioner erroneously disallowed a deduction for contributions. They are prepared to make a proper adjustment of that item following this report. The Board is asked to determine the basis applicable to shares of stock of five corporations, which shares the petitioner sold in the taxable year and, if it is material, to determine also what portion of the gain is capital gain and what portion is ordinary income. The facts are not in dispute and have been stipulated. They need not be set forth in detail herein.

The petitioner in October 1929 sold 1,000 shares of the stock of the Chase National Bank for $198,452. He owned other shares of the same stock at that time. He had purchased at different dates and at different prices lots of stock of the Chase National Bank and of the National Park Bank prior to August 1929. The two banks were merged or consolidated in August 1929, under Federal law, to form a new corporation. *Northwest Bancorporation*, 33 B. T. A. 160, 171 and cases there cited. The shares which the petitioner sold thereafter in 1929 were shares in the new bank which he received or was permitted to retain because of his stockholdings in the two combining banks. The Commissioner contends that the stock sold must be charged against the earliest purchases of stock of the combining banks; that is, he has applied article 58 of Regulations 74, his so-called "first in, first out" rule. The petitioner contends that the stock which he sold in 1929 was acquired by him in 1929 as a result of the combination of the two banks, and he is entitled to use, as his basis for gain or loss on his shares thus acquired, the average cost of all shares in the new bank acquired at that time. He obtains this average cost by adding up the cost of all shares of old Chase National Bank stock and of the National Park Bank stock which he owned at the time of the consolidation, and dividing by the number of new shares of Chase National Bank stock which he had immediately after the consolidation.

The parties agree that the Board has already decided this question in favor of the taxpayer and that decision has been approved by several of the Circuit Courts of Appeals. *Christian W. Von Gunten*, 28 B. T. A. 702; affd., 76 Fed. (2d) 670; *Olive Hume Oliver*, 30 B. T. A. 1381; affd., 79 Fed. (2d) 561; *Helvering* v. *Stifel*, 75 Fed. (2d) 583, affirming an unpublished decision of the Board. It follows that the Commissioner erred in applying the first in, first out rule, since the average cost is the correct basis.

The petitioner also sold in the latter part of 1929 a number of shares of stock of the following banks: National City Bank, Corn Exchange Bank & Trust Co., Irving Trust Co., and United States Fidelity & Guaranty Co. Most of these shares were received by the petitioner upon a recapitalization of each of the corporations ear-

lier in 1929. In those recapitalizations there was no change of incorporation, but merely a change in the par value of the shares. The petitioner contends that the average rule should likewise be applied in computing his gain on those shares. The Commissioner again used his first in, first out rule. The petitioner concedes that the shares sold are not identifiable with any particular lot purchased and he also concedes the correctness of the Commissioner's mathematics in applying the first in, first out rule. The parties concede that the Board has decided this question in favor of the Commissioner's use of the first in, first out rule.[1] Several courts have approved this decision of the Board. *William P. Jenks*, 22 B. T. A. 910; *Robert E. Ford*, 33 B. T. A. 1229; *Solomon B. Krauss*, 33 B. T. A. 1088; affd., 88 Fed. (2d) 616; *Keeler* v. *Commissioner*, 86 Fed. (2d) 265, affirming an unpublished decision of the Board; *Skinner* v. *Eaton*, 45 Fed. (2d) 568; certiorari denied, 283 U. S. 837.

The petitioner concedes that if it is proper to apply the first in, first out rule in determining the cost of the four blocks of stock discussed in the preceding paragraph, the Commissioner has made no mathematical error and furthermore has properly determined what part of the gain from the disposition of those blocks of stock was capital gain and what part was ordinary income. It now appears that the Board has approved the average cost basis in the case of the Chase National Bank stock and has completely approved the Commissioner's determination in regard to the taxation of the gain from the other four blocks of stock. The petitioner states in his brief that if such should be the conclusion of the Board, it will be unnecessary and immaterial to determine what part of the gain from the disposition of the Chase stock should properly be classified as capital gain and what part should properly be classified as ordinary gain. He points out that no matter how the gain from the Chase stock be treated, the tax in this case will be computed on capital gain of $412,639.91. The reason for this is that there will be a loss shown in the ordinary income of this petitioner regardless of whether all, a part, or none of the gain from the disposition of the Chase stock be classified as ordinary income. That loss will be deducted from the capital gain and the tax computed on the remainder. The shifting of the gain from the Chase National Bank stock from capital gain to ordinary income, or vice versa, leaves unchanged the net amount subject to tax at 12½ percent.

---

[1] Although the Board applied the averaging rule under somewhat similar circumstances in one phase of the case of *Olive Hume Oliver, supra,* and in the case of *Alvan T. Fuller,* 31 B. T. A. 154, it is satisfied that it erred in those cases. The *Fuller* case has been reversed and, although the *Oliver* case was affirmed by the Third Circuit, the court was apparently thinking and speaking of a situation where there was a change in the corporation as opposed to a mere change in the par value of stock.

**112**

Under the circumstances the Board is not required to decide what part, if any, of the gain on the disposition of the Chase stock was capital gain and what part, if any, was ordinary income. Any decision of that question by the Board would be *obiter dictum*. The Commissioner has never acquiesced in the *Von Gunten* decision, has never recognized the propriety of using average cost in such a case, and has never promulgated regulations providing how the total gain is to be allocated between capital gain and ordinary income where the holding period on some of the shares is in excess of two years. The promulgation of some regulation on this subject by the Commissioner would appear to be highly desirable if the principle of the *Von Gunten* case is to stand. The Board is not called upon at this time to approve any method of allocation between capital gain and ordinary income and will not decide that question until it is required to do so.

*Decision will be entered under Rule 50.*